# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERNON J. McCOY | : | |
| Plaintiff | : | |
| v | : | Civil Action No. L-06-1160 |
| FRANK SIZER, JR., *et al.* | : | |
| Defendants | : | |

o0o

## MEMORANDUM

Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 12. The motion is unopposed. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. For the reasons that follow, the motion shall be construed as a motion for summary judgment and will be granted.

## I.     BACKGROUND

**Plaintiff's Claims**

Plaintiff Vernon McCoy, an inmate who was housed at Eastern Correctional Institution (ECI),[1] claims the Warden of ECI, Kathleen Green, read a memo during roll call naming him as a cooperating witness in the criminal prosecution of a correctional officer. Paper No. 1 at p. 2. Specifically, the memo stated that correctional officer Lois Jones pled guilty to conspiracy to distribute heroin because three inmates (Brian Smith, Bryant Poole and Vernon McCoy) agreed to testify against her. Id. at p. 3.

---

[1] While this case has been pending, Plaintiff was transferred to Baltimore City Correctional Center (BCCC) and to Baltimore Pre-Release Unit (BPRU). Paper No. 6. Defendants served plaintiff with the motion for summary judgment at BCCC. Paper No. 9.

The memo further states the three inmates received a stet[2] on their charges of conspiracy in exchange for the cooperation in the case. Id. McCoy claims the memo is false with respect to him and he was labeled a "snitch" after it was read. Id. at p. 2. He alleges Green should have known that publishing this information would lead to his life being threatened. Id.

**Defendants' Claims**

Defendants explain that McCoy did in fact cooperate in the prosecution of Officer Jones and admit the memo was read to officers during roll call. Paper No. 12 at Ex. 2. Defendants claim there is no indication that McCoy suffered any retaliation or threats to his life as a result of his cooperation. Id. They claim entitlement to summary judgment because McCoy did not exhaust administrative remedies by filing a grievance with the Inmate Grievance Office as required by the Prisoner Litigation Rerform Act ("PLRA") and because he has failed to offer evidence that he has been subjected to a specific threat of harm as required by Farmer v. Brennan, 511 U.S. 825, 837 (1994).

**II.   STANDARD**

**Summary Judgment**

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-

---

[2] Under Md Rule 4-248 the court may indefinitely postpone trial on a charge by marking the charge "stet" on the docket. A stetted charge can be rescheduled for trial at the request of either party within one year and thereafter only by order of court for good cause shown. When a charge is stetted all warrants and detainers that could lead to the defendant's arrest are recalled by the clerk.

Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial). Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

**Exhaustion of Administrative Remedies**

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (emphasis supplied).

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." Nussle, 534 U.S. at 524.

### III.   ANALYSIS

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative

defense that should be pleaded or otherwise properly raised by the defendant." Anderson v. XYZ Correctional Health Services, Inc., 407 F. 3d 674, 681 (4th Cir. 2005). Defendants in the instant case have properly raised the exhaustion issue and Plaintiff has failed to respond to the assertion. See Paper No. 12 at Ex. 3. Thus, the assertion that Plaintiff has failed to properly exhaust administrative remedies is an undisputed fact entitling Defendants to summary judgment in their favor.

**IV.     CONCLUSION**

For the reasons stated herein, the Court will, by separate Order, GRANT Defendants' motion for summary judgment based on Plaintiff's failure to properly exhaust administrative remedies as required by the Prisoner Litigation Reform Act.

Dated this 13th day of September, 2007.

                                                                                /s/
                                                             Benson Everett Legg
                                                             Chief Judge